UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Evan W. Gray

    v.                                                  Civil No. 18-cv-522-JD
                                                         Opinion No. 2019 DNH 088

Chester L. Gray, III


O R D E R

As discussed in the court's order dated May 14, 2019, doc. no. 54, this case involves disputes among Chester and Barbara Gray's three children, Skip, Scott, and Evan Gray.[1]  Evan brought suit against Skip as executor of the CLG Estate; as sole trustee of the CLG Trust; and as co-trustee of the BJG Trust.  In his Amended Complaint, Evan alleges that Chester, prior to his death, breached his fiduciary duties while he was trustee of the BJG Trust (Counts 1 and 2).  Evan also alleges that Skip breached his fiduciary duties as trustee of the CLG Trust (Count 3), and he seeks removal of Skip as co-trustee of the BJG Trust based on alleged conflicts of interest (Count 4).

---

[1] As in its previous orders, the court will refer to the principals in this case by their first names for clarity and succinctness.

In his capacity as trustee of the BJG Trust, Skip filed counterclaims (the "BJG Trust Counterclaims").[2] In Count I, Skip seeks reimbursement of expenses, attorneys' fees, and costs under N.H. Revised Statutes Annotated ("RSA") 564-B:7-709 and RSA 564-B:10-1004. In Count II, Skip also seeks attorneys' fees, costs, and expenses under Harkeem v. Adams, 117 N.H. 687 (1977), alleging that Evan brought his claims with knowledge that they were "deficient, untimely, frivolous, or otherwise brought in bad faith." Doc. 37 ¶¶ 52-53. In Counts I and II, Skip seeks reimbursement for himself and the BJG Trust from Evan personally. Skip also seeks reimbursement for himself from the BJG Trust assets.

Evan moves to dismiss the BJG Trust Counterclaims. Skip objects.

Background and Standard of Review

The court provided the relevant background and standard of review in its order dated May 14, 2019, addressing Evan's motion to dismiss the CLG Estate Counterclaims. Doc. 54.

---

[2] Skip also filed counterclaims for indemnification and a declaratory judgment in his capacity as executor of the CLG Estate and trustee of the CLG Trust (the "CLG Estate Counterclaims"). This order addresses only doc. no. 42, which is Evan's motion to dismiss the BJG Trust Counterclaims.

2

## Discussion

Evan moves to dismiss the BJG Trust Counterclaims. In support, he contends that the court lacks subject matter jurisdiction over the counterclaims; that the counterclaims are not "mature"; and that Skip must make a claim for attorneys' fees through a motion under Federal Rule of Civil Procedure 54(d)(2). The court already discussed and rejected these arguments in its order addressing the CLG Trust Counterclaims (doc. no. 54). The court's reasoning in doc. no. 54 rejecting those arguments applies to Evan's motion to dismiss the BJG Trust Counterclaims.

In addition, Evan contends that Skip misuses the term "indemnification" in the BJG Trust Counterclaims; that Skip failed to plead facts sufficient to state claims for relief; that Skip, in his capacity as trustee of the BJG Trust, cannot assert counterclaims related to Counts 1 and 2 of Evan's Amended Complaint because he is not the real party in interest; and that because Skip shares responsibility for the claims in the Amended Complaint, the counterclaims are barred by the pari delicto doctrine. Skip objects, arguing generally that the counterclaims were properly brought and state cognizable claims for relief.

A.  "Indemnification"

Evan takes issue with Skip's use of the word "indemnify" in the counterclaims.  He argues that the counterclaims seek only attorneys' fees, costs, and reimbursement for expenses, not indemnification.  Skip's use of the word "indemnify" does not warrant dismissal of the counterclaims.

As explained in the order on the CLG Estate Counterclaims, RSA 564-B:7-709 and RSA 564-B:10-1004 support claims for reimbursement of properly incurred expenses, attorneys' fees, and costs.  Evan argues that Skip cannot show that he is entitled to attorneys' fees and costs under RSA 564-B:10-1004.  That argument is premature in a motion to dismiss, and Skip's pleading is adequate to give Evan notice of the claims alleged.  See [Shelton v. Tamposi, 164 N.H. 490, 502-03 (2013)](#) (indicating that trial court should determine whether an award of attorneys' fees is warranted under RSA 564-B:10-1004 after considering the merits of the lawsuit).

B.  Pleading of Facts Showing Entitlement to Relief

1.  Count I (Reimbursement of Expenses)

Evan argues that Skip cannot obtain relief under RSA 564-B:7-709, which allows a trustee to be reimbursed from trust assets for properly incurred expenses, because Evan does not have access to the BJG Trust assets.  Evan, however, is a

trustee of the BJG Trust, and he is a proper defendant in that capacity to the extent Skip seeks reimbursement from assets of the BJG Trust under RSA 564-B:7-709.  See Fed. R. Civ. P. 17(a)(1)(E).  Evan also ignores RSA 564-B:10-1004, which provides that costs, expenses, and reasonable attorneys' fees may be paid to any party from another party in a proceeding involving the administration of a trust.  In Count I, Skip claims attorneys' fees against Evan personally under RSA 564-B:10-1004 in addition to claiming them from the BJG Trust.

Next, Evan argues that Skip cannot "properly" incur any expenses as trustee of the BJG Trust.  Evan contends that Skip breached his fiduciary duties as trustee of the BJG Trust by answering Skip's third-party complaint and crossclaim against himself; that Skip's counsel has engaged in "excessive overbilling and overzealous filings" that are "patently unreasonable"; and that this legal dispute creates a conflict of interest that prevents Skip from fulfilling his fiduciary responsibilities.

Evan offers no authority in support of his contention that Skip per se violated a fiduciary duty by filing and answering a crossclaim against himself in different capacities, or that the mere existence of an unresolved legal dispute between a trustee and one of a trust's beneficiaries means that the trustee violated his fiduciary duties.  Trustees are required to act in

5

the best interests of the trust's beneficiaries and in accordance with the terms and purposes of the trust, and that includes trustees' actions in bringing and defending lawsuits. See RSA 564-B:8-801 (requiring trustees to administer trusts "in accordance with" the trust terms and purposes, the beneficiaries' interests, and the New Hampshire Trust Code).

To the extent Evan relies on assertions and rhetoric directed at opposing counsel to support his motion to dismiss, they do nothing to advance his cause.[3]  See, e.g., doc. 42-1 at 4-9.  The court expects all parties and counsel to refrain from ad hominem rhetoric in advancing arguments.  The court concludes that none of Evan's arguments warrant dismissal of Count I of the BJG Trust Counterclaims.

2. Count II (Harkeem v. Adams)

In Count II, Skip alleges that he is entitled to costs and expenses under Harkeem v. Adams because Counts 1, 2, and 4 of Evan's Amended Complaint are frivolous.[4]  Skip contends that

---

[3] Evan also refers to the BJG Trust Counterclaims with reference to counsel's first name without any explanation for that unusual practice.

[4] In Counts 1 and 2 of the Amended Complaint, Evan alleges that Chester breached his fiduciary duties as trustee of the BJG Trust by failing to properly invest trust assets and by improperly distributing trust principal to himself.  In Count 4, Evan alleges that the court should remove Skip as co-trustee of the BJG Trust because Skip failed to keep Evan reasonably
6

Count 1 of the Amended Complaint is frivolous because Chester properly invested in municipal bonds in the BJG Trust as permitted by Article 4.11 of the BJG Trust. Skip contends that Count 2 of the Amended Complaint is frivolous because Article 2.3.A(4) of the BJG Trust permitted Chester an "unconditional right to withdraw up to five percent" of the BJG Trust's principal balance each year, and Skip alleges that Chester withdrew amounts below that sum. Skip alleges that Evan knew or should have known about these facts.

In his motion to dismiss, Evan contends that Skip misinterprets or mischaracterizes Articles 2.3.A(4) and 4.11 of the BJG Trust and that his Amended Complaint and the facts show or will show that his claims are not frivolous.[5] Evan's arguments are premature. While Skip alleges that Chester's investments were proper and that Evan knew or should have known that this was the case, Evan disputes this. Whether or not

---

informed of his actions as trustee, because he breached his fiduciary duties, and because he has conflicts of interest.

[5] In Count II, Skip also alleged that, under the second paragraph of Article 4.3 of the BJG Trust, he cannot be liable as a successor trustee for the actions of a prior trustee. In his motion to dismiss, Evan asserts that Article 4.3 is irrelevant because he has not brought any claim against Skip himself for Chester's actions as a predecessor trustee. The relevance of this article is yet to be determined and does not warrant dismissal at this point.

7

Evan's claims are frivolous will ultimately depend on the evidence.

   a.  Real Party in Interest

Evan argues that Skip cannot include allegations about the frivolity of Counts 1 and 2 of the Amended Complaint in the BJG Trust Counterclaims because Skip, in his capacity as trustee of the BJG Trust, is not the real party in interest. Evan contends that Counts 1 and 2 of the Amended Complaint raised claims against the CLG Estate, through Skip in his capacity as executor of the CLG Estate, not against Skip as trustee of the BJG Trust.

Because he is a trustee of the BJG Trust, Skip is a real party in interest with respect to his counterclaims for attorneys' fees, costs, and expenses that he incurs as trustee of the BJG Trust. See Fed. R. Civ. P. 17(a)(1); RSA 564-B:7-709. Skip also brings claims against Evan, personally, for expenses under RSA 564-B:10-1004. Therefore, Evan's argument that Skip is not the real party in interest as to these counterclaims lacks any merit.[6]

---

[6] Evan asks the court, alternatively, to strike ¶¶ 11-30 of the BJG Trust Counterclaims as "immaterial and impertinent" under Federal Rule of Civil Procedure 12(f) and to strike ¶¶ 7, 10, and 52 as "scandalous". Doc. 42-1 at 21. Evan provides no compelling justification for striking those paragraphs which contain assertions that are related to Counts I and II of the counterclaims.

Evan also contends that the BJG Trust or Skip in his capacity as trustee of the BJG Trust cannot be held liable for damages stemming from Counts 1 and 2 and the Amended Complaint, which he brought only against the CLG Estate. Evan is incorrect because the CLG Estate (through Skip), has given notice to Evan that it will seek attorneys' fees, costs, and other expenses related to Counts 1 and 2 of the Amended Complaint from the BJG Trust. Under Harkeem v. Adams, the BJG Trust can seek to pass on those expenses to Evan personally based on the alleged frivolity of the claims in the Amended Complaint.

b. Pari Delicto

Finally, Evan argues that the pari delicto doctrine should bar the BJG Trust Counterclaims. Pari delicto "is an 'ill-defined group of doctrines that prevents courts from finding for a plaintiff equally at fault as the defendant." Tamposi v. Denby, 974 F. Supp. 2d 51, 56 (D. Mass. 2013). Evan contends that because he and Skip are at equal fault for this litigation, Skip cannot prevail in his counterclaims for attorneys' fees and costs.

Courts will not rule on an affirmative defense in a motion to dismiss when the facts underlying the defense have not been established with certitude. Id. at 57-58 & n.8 (applying New Hampshire law and explaining that "[s]ince facts concerning the

9

in pari [delicto] defense have not been established with certitude, the motion to dismiss on this basis must be denied."). The facts underlying Evan's "equal fault" defense have not been established with certitude. Therefore, Evan has not shown that the BJG Trust Counterclaims should be dismissed because the parties are in pari delicto.

Conclusion

For the foregoing reasons, Evan's motion to dismiss (doc. no. 42) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 16, 2019

cc:  Evan W. Gray,
     Adam M. Hamel, Esq.
     Ralph F. Holmes, Esq.
     Bradley M. Lown, Esq.
     Roy S. McCandless, Esq.
     Neil B. Nicholson, Esq.
     Andrea Jo Schweitzer, Esq.